AO 106 (Rev. 04/10) Application for a Search Warrant  PAS

# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | |
|---|---|
| In the Matter of the Search of<br><br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>INSTAGRAM ACCOUNT: izzyj428<br>STORED AT PREMISES CONTROLLED BY<br>FACEBOOK, INC | )<br>)<br>)  Case No.   '19 MJ 41 47<br>)<br>)<br>) |

**FILED**

SEP 25 2019

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    , DEPUTY

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A

located in the _____Northern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 641 | Stolen government property |
| 18 U.S.C. § 2315 | Sale of stolen goods |
| UCMJ Article 121 | Theft of government property |

The application is based on these facts:

See attached affidavit of Naval Criminal Investigative Service S/A Cynthia G. Carter

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Cynthia G. Carter, NCIS Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  9/25/2019

_____
*Judge's signature*

City and state:  San Diego, California                    HON. F. A. GOSSETT, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, Cynthia G. Carter, a Special Agent with the Naval Criminal Investigative Service (NCIS), having been duly sworn, hereby state as follows:

**INTRODUCTION**

1. I make this affidavit in support of an application for a search warrant for information associated with Instagram account: **izzyj428** (the "**Subject Account**") that is stored at premises owned, maintained, controlled, or operated by Instagram, LLC, ("Instagram") a social-networking company owned by Facebook, Inc. and headquartered in San Francisco, California.

2. On May 9, 2019, the Hon. Stanley A. Boone, United States Magistrate Judge, issued a search warrant for the **Subject Account** in S.D. Case No. 19MJ1926; however, it was later determined that the Application for Search Warrant and Search Warrant had inadvertently omitted the letter "j" from the username. The Application for Search Warrant and Search Warrant is being resubmitted for the **Subject Account** with the corrected username.

3. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A), to require Instagram to disclose to the government records and other information in its possession, including the contents of communications, pertaining to the subscriber or customer associated with the **Subject Account**.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section(s) 641, Title 18, United States Code, Section(s) 2315, and Uniform Code of Military Justice (UCMJ) Article 121, having been committed by Isaac LAFOE. There is also probable cause to search the **Subject Account** for information described in Attachment A for evidence of these crimes and items to be seized listed in Attachment B.

1

5.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## EXPERIENCE AND TRAINING

6.      I am a Special Agent with the Naval Criminal Investigative Service (NCIS), and have been since February 2018. My current assignment is in general crimes investigations which includes investigating crimes such as sexual assaults and theft of government property. My relevant training and experience includes the Criminal Investigator Training Program and the NCIS Special Agent Basic Training Program both held at the Federal Law Enforcement Training Center, Glynco, GA. Prior to my employment by NCIS, I received my Masters of Science in Justice Studies with a concentration in Homeland Security and my Bachelors of Science in Criminal Justice with a minor in Computer Science. I was also enlisted in the United States Army as a Satellite Controller and stationed at one of seven Wideband Satellite Operation Centers in the United States Army. My duties as a Satellite Controller consisted of being in control of and sending commands to up to four Department of Defense Communications Satellites. Each Department of Defense Satellite is worth approximately $2 billion in its lifespan. While in the Army, I also volunteered with the Honolulu Police Department (HPD). My duties consisted of entering pawn shop sales and buys into HPD's database. My duties as an NCIS Special Agent include, but are not limited to, investigating crimes committed on or aboard US Navy and Marine Corps installations, aircraft, or vessels; investigating crimes committed by or against US Navy or Marine Corps service members or civilian employees; and investigating crimes involving Department of Navy equities.

7.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## FACTS SUPPORTING PROBABLE CAUSE

8.    Michael Garcia has been selling military equipment for approximately two years. Garcia has sold military equipment on commission and by purchasing the items and turning around and selling it. Garcia utilized the Instagram page "Mr.Raidmod" as his platform to sell military equipment. Garcia's Instagram page came under question for selling stolen government equipment in early 2019.

9.    Phoenix Police Department (PPD) was notified of Garcia's activities and conducted their own investigation. PPD obtained search warrants to track Garcia via Global Positioning System (GPS) and subsequently tracked Garcia from February 6, 2019 to February 7, 2019. PPD arrested Garcia and conducted a search warrant of his apartment on February 7, 2019. PPD seized suspected stolen government equipment from Garcia's apartment including, ballistic plates, ballistic helmets, and ear protection with communication wire.

10.    PPD interviewed Garcia on February 7, 2019. Garcia was advised of his *Miranda* rights and elected to make a statement. Garcia stated he bought suspected stolen government equipment from LAFOE in January 2019. Garcia stated he bought uniforms, one ballistic helmet, ear protection, pressure gages, swimmer ballistic plates, and ballistic plates from LAFOE. Garcia reported the swimmer ballistic plates had their serial numbers scratched off and he (GARCIA) knew they were stolen once he (GARCIA) received the government equipment from LAFOE. Garcia stated he communicated with LAFOE through Instagram and text messaging and he (GARCIA) further stated that he (GARCIA) paid LAFOE $3,000 for the government equipment through PayPal. Garcia is currently being prosecuted in the State of Arizona, criminal case no. 2019-123673.

11.    LAFOE was interviewed by NCIS on February 11, 2019. LAFOE was advised of his *Miranda* rights and elected to make a statement. LAFOE acknowledged he sold government equipment to Garcia. LAFOE stated he communicated with Garcia through text messaging. LAFOE alleged he bought the stolen government equipment from Ethan Johnson. In a separate *Mirandized* interview, Ethan JOHNSON denied the allegation and

stated LAFOE is the one stealing government equipment. LAFOE stated he sold the stolen government equipment to Garcia for $1,100 and received payment by Venmo.

12.    LAFOE gave NCIS permission to search his apartment he shares with his girlfriend, Hayley Digianni, located at 4052 Oregon Street Unit 2, San Diego, California, and his vehicle, a Toyota 4 Runner. LAFOE called Digianni, who is on the apartment lease, prior to the execution of the search of the apartment for permission. Digianni telephonically gave permission for NCIS to search the apartment.

13.    A search was conducted at LAFOE's apartment on February 11, 2019. LAFOE pointed out a military plate carrier located in the closet of the master bedroom as not being his. NCIS seized the plate carrier from LAFOE's apartment.

14.    Further investigation produced positive identification the plate carrier and duty belt belongs to Navy Special Operations Chief Aaron Magenot. In mid-February, Magenot was interviewed and stated that he labels his gear with a red "X" inside a box or by writing "MAGE" on his gear. Magenot confirmed during the interview that some of his gear was missing. The seized plate carrier and duty belt had either one or both of the identifying markers mentioned by Magenot.

15.    LAFOE gave NCIS permission to search his Apple IPhone cellular phone. A Cellebrite extraction was taken of LAFOE's Apple iPhone bearing phone number (619) 361-6965.

16.    A review of LAFOE's Cellebrite extraction for stolen government equipment was conducted. There were multiple pictures of previously identified missing government equipment on the Cellebrite extraction. The extraction contained a photograph of Magenot's "bone frog" ballistic helmet. There is a photograph showing various firearm magazines with Magenot's identifying marker, an "X" inside a red box. A photograph of military pants, a combat shirt, a "bone frog" helmet, and a plate carrier appear to have been taken inside of LAFOE's apartment. There was a screenshot of an Instagram story (where the picture disappears after 24 hours) of Garcia's address, 2311 E. Union Hills Dr. Apt. 170, Phoenix, AZ 85024. A screenshot of a shipping address of 4052 Oregon St. Apt. 2, San Diego, CA

92104 was taken. The Cellebrite extraction revealed that the photographs were uploaded to LAFOE's Apple iCloud associated with his Apple iPhone.

17.     While reviewing the Cellebrite extraction, I observed photographs and pictures of the government equipment with the marked insignia (as detailed by Chief Magenot) in LAFOE's phone. Based on the GARCIA interview, I believe that LAFOE uses the **Subject Account** to communicate with others, including GARCIA, to sell stolen government equipment.

18.     Throughout this investigation, I have learned that the theft of government equipment started in the beginning of 2018.

19.     A preservation letter was sent to Instagram for the **Subject Account** on March 1, 2019. Further, the preservation request has been extended on multiple occasions, with the most recent extension expiring on February 17, 2020. It is my belief that the evidence sought in Attachment B continues to exist in the **Subject Account.**

20.     On May 9, 2019, I sought permission to search the **Subject Account** for the period of January 1, 2018, up to and including May 9, 2019, by submitting an Application for Search Warrant and Search Warrant to the Hon. Stanley A. Boone, United States Magistrate Judge. The Hon. Stanley A. Boone issued the Search Warrant (under seal) that same day in S.D. Case No. 19MJ1926.

21.     However, Facebook's initial response in May 2019 alerted me to the fact that the Search Warrant sought records from account "izzy428" and not "izzyj428" (i.e. the **Subject Account**), as the 'j' was inadvertently omitted in the initial Application for Search Warrant and Search Warrant in 19MJ1926.

22.     This Application for Search Warrant and Search Warrant is being re-submitted with regards to the **Subject Account**.

23.     From my review of publicly available information provided by Instagram about its service, including Instagram's "Privacy Policy," I am aware of the following about Instagram and about the information collected and retained by Instagram.

24.     Instagram owns and operates a free-access social-networking website of the same name that can be accessed at http://www.instagram.com.  Instagram allows its users to create their own profile pages, which can include a short biography, a photo of themselves, and other information. Users can access Instagram through the Instagram website or by using a special electronic application ("app") created by the company that allows users to access the service through a mobile device.

25.     Instagram permits users to post photos to their profiles on Instagram and otherwise share photos with others on Instagram, as well as certain other social-media services, including Flickr, Facebook, and Twitter.  When posting or sharing a photo on Instagram, a user can add to the photo: a caption; various "tags" that can be used to search for the photo (e.g., a user made add the tag #vw so that people interested in Volkswagen vehicles can search for and find the photo); location information; and other information. A user can also apply a variety of "filters" or other visual effects that modify the look of the posted photos. In addition, Instagram allows users to make comments on posted photos, including photos that the user posts or photos posted by other users of Instagram.  Users can also "like" photos.

26.     Upon creating an Instagram account, an Instagram user must create a unique Instagram username and an account password. This information is collected and maintained by Instagram.

27.     Instagram asks users to provide basic identity and contact information upon registration and also allows users to provide additional identity information for their user profile. This information may include the user's full name, e-mail addresses, and phone numbers, as well as potentially other personal information provided directly by the user to Instagram.  Once an account is created, users may also adjust various privacy and account settings for the account on Instagram.  Instagram collects and maintains this information.

28.     Instagram allows users to have "friends," which are other individuals with whom the user can share information without making the information public.  Friends on Instagram may come from either contact lists maintained by the user, other third-party social

media websites and information, or searches conducted by the user on Instagram profiles. Instagram collects and maintains this information.

29.     Instagram also allows users to "follow" another user, which means that they receive updates about posts made by the other user. Users may also "unfollow" users, that is, stop following them or block the, which prevents the blocked user from following that user.

30.     Instagram allow users to post and share various types of user content, including photos, videos, captions, comments, and other materials. Instagram collects and maintains user content that users post to Instagram or share through Instagram.

31.     Instagram users may send photos and videos to select individuals or groups via Instagram Direct. Information sent via Instagram Direct does not appear in a user's feed, search history, or profile.

32.     Users on Instagram may also search Instagram for other users or particular types of photos or other content.

33.     For each user, Instagram also collects and retains information, called "log file" information, every time a user requests access to Instagram, whether through a web page or through an app. Among the log file information that Instagram's servers automatically record is the particular web requests, any Internet Protocol ("IP") address associated with the request, type of browser used, any referring/exit web pages and associated URLs, pages viewed, dates and times of access, and other information.

34.     Instagram also collects and maintains "cookies," which are small text files containing a string of numbers that are placed on a user's computer or mobile device and that allows Instagram to collect information about how a user uses Instagram. For example, Instagram uses cookies to help users navigate between pages efficiently, to remember preferences, and to ensure advertisements are relevant to a user's interests.

35.     Instagram also collects information on the particular devices used to access Instagram. In particular, Instagram may record "device identifiers," which includes data

files and other information that may identify the particular electronic device that was used to access Instagram.

36.    Instagram also collects other data associated with user content. For example, Instagram collects any "hashtags" associated with user content (i.e., keywords used), "geotags" that mark the location of a photo and which may include latitude and longitude information, comments on photos, and other information.

37.    Instagram also may communicate with the user, by email or otherwise. Instagram collects and maintains copies of communications between Instagram and the user.

38.    As explained herein, information stored in connection with an Instagram account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, an Instagram user's account activity, IP log, stored electronic communications, and other data retained by Instagram, can indicate who has used or controlled the Instagram account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, profile contact information, direct messaging logs, shared photos and videos, and captions (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the Instagram account at a relevant time. Further, Instagram account activity can show how and when the account was accessed or used. For example, as described herein, Instagram logs the Internet Protocol (IP) addresses from which users access their accounts along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation. Such information allows investigators to understand the geographic and chronological context of Instagram access, use, and events relating to the crime under investigation. Additionally, Instagram builds geo-location into some of its services. Geo-

8

location allows, for example, users to "tag" their location in posts and Instagram "friends" to locate each other.  This geographic and timeline information may tend to either inculpate or exculpate the Instagram account owner. Last, Instagram account activity may provide relevant insight into the Instagram account owner's state of mind as it relates to the offense under investigation.  For example, information on the Instagram account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

39.    Based on the information above, the computers of Instagram are likely to contain all the material described above with respect to the **Subject Account**, including stored electronic communications and information concerning subscribers and their use of Instagram, such as account access information, which would include information such as the IP addresses and devices used to access the account, as well as other account information that might be used to identify the actual user or users of the account at particular times.

### INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

40.    I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular Title 18, United States Code, Sections 2703(a), (b)(1)(A), and (c)(1)(A), by using the warrant to require Instagram to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

### CONCLUSION

41.    Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence, fruits, and instrumentalities of violations, or attempted violations, of Title 18, United States Code, Section(s) 641, Title 18, United States Code, Section(s) 2315, and Uniform Code of Military Justice (UCMJ) Article 121, may be located in the **Subject Account** described in Attachment A.

42.     Based on the forgoing, I request that the Court issue the proposed search warrant.

43.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. Because the warrant will be served on Instagram, who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

Cynthia G. Carter, Special Agent
Naval Criminal Investigative Service

SUBSCRIBED and SWORN to before me on this ____25____ day of September, 2019.

_____
HON. F. A. GOSSETT
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Instagram profile with the following username:

### izzyj428

that is stored at premises owned, maintained, controlled, or operated by Instagram, LLC, a company that is owned by Facebook, Inc. and headquartered in Menlo Park, California.

# ATTACHMENT B

## *Particular Things to be Seized*

## I.    Information to be disclosed by Instagram, LLC

To the extent that the information described in Attachment A is within the possession, custody, or control of Instagram, LLC, including any messages, records, files, logs, or information that have been deleted but are still available to Instagram, LLC, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Instagram, LLC is required to disclose the following information to the government for each account listed in Attachment A:

a.    All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, phone numbers, gender, hometown, occupation, and other personal identifiers;

b.    All past and current usernames associated with the account;

c.    The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

d.    All activity logs including IP logs and other documents showing the IP address, date, and time of each login to the account, as well as any other log file information;

e.    All information regarding the particular device or devices used to login to or access the account, including all device identifier information or cookie information, including all information about the particular device or devices used to access the account and the date and time of those accesses;

f.   All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

g.   All communications or other messages sent or received by the account from January 1, 2018 up to and including September 23, 2019;

h.   All user content created, uploaded, or shared by the account, including any comments made by the account on photographs or other content from January 1, 2018 up to and including September 23, 2019;

i.   All photographs and images in the user gallery for the account from January 1, 2018 up to and including September 23, 2019;

j.   All location data associated with the account, including geotags from January 1, 2018 up to and including September 23, 2019;

k.   All data and information that has been deleted by the user from January 1, 2018 up to and including September 23, 2019;

l.   A list of all of the people that the user follows on Instagram and all people who are following the user (*i.e.*, the user's "following" list and "followers" list), as well as any friends of the user;

m.   A list of all users that the account has "unfollowed" or blocked;

n.   All privacy and account settings;

o.   All records of Instagram searches performed by the account, including all past searches saved by the from January 1, 2018 up to and including September 23, 2019;

p.   All information about connections between the account and third-party websites and applications; and,

2

q.      All records pertaining to communications between Instagram, LLC
        and any person regarding the user or the user's Instagram account,
        including contacts with support services, and all records of actions
        taken, including suspensions of the account.

## II.    Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence
and instrumentalities of violations of Title 18, United States Code, Section(s) 641,
Title 18, United States Code, Section(s) 2315, and Uniform Code of Military
Justice (UCMJ) Article 121, involving Isaac LAFOE from January 1, 2018 through
September 23, 2019, for each username identified on Attachment A, information
pertaining to the following matters:

a.      tending to indicate efforts to communicate with their coconspirators
        made about or in executing the sale or theft of government property;

b.      tending to identify communications made in the weeks or months
        prior to the sale or theft of government property;

c.      tending to identify celebratory remarks after successfully selling or
        stealing government property;

d.      tending to identify communications made about covering up or hiding
        their crimes and escaping or hiding from law enforcement; and/or,

e.      tending to identify photographs depicting the stolen or sale of
        government property; and

f.      tending to place in context, identify the creator or recipient of, or
        establish the time of creation or receipt of communications, records,
        or data involved in the activities described above.

3